UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WATCHFIRE SIGNS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) Case No.: 2:16-cv-2176 <br> v. ) <br> ) Judge Colin Bruce <br> WILLIAM THOMAS BOGARD and ) <br> DIGITAL OUTDOOR, LLC d/b/a ) <br> LIGHTKING OUTDOOR, ) <br> ) <br> Defendants. ) | |

## AGREED CONSENT ORDER

WHEREAS, this matter is before the Court on the Parties' Joint Motion for Dismissal and Entry of Consent Order, the parties having advised the Court that they have agreed to settle this action based upon the entry of this consent order on the terms of a related Settlement Agreement.  This Court, having been duly advised of the premises and Plaintiff's Motion for Entry of Preliminary Injunction [Doc. No. 22], and finding the Parties have consented to the terms of this Order, for good cause shown hereby orders, pursuant to Fed. R. Civ. P. 41, as follows:

1) The parties having reached agreement allowing for the termination of this litigation, hereby stipulate to the dismissal of all claims in the above-captioned action with each party bearing its own costs and attorneys' fees, such that this matter be dismissed in its entirety as to all parties with prejudice, subject to the Court's retention of jurisdiction for the purpose of enforcing this Order as may be necessary.

2)     Defendants hereby consent to the following:

A) Bogard shall not solicit, market, sell or be directly or indirectly involved in any business activities in the States of Texas, Oklahoma, Tennessee, Arkansas, and Louisiana

or otherwise with respect to Watchfire customers and prospective customers with whom Bogard was involved at Watchfire (as defined in the parties' settlement agreement) until July 1, 2017;

B) Lightking shall not employ or allow or involve Bogard in any business activities in the States of Texas, Oklahoma, Tennessee, Arkansas and Louisiana or otherwise with respect to Watchfire customers and prospective customers with whom Bogard was involved at Watchfire (as defined in the parties' settlement agreement) until July 1, 2017;

C) In the event of violation or enforcement of this Order, the prevailing party shall be entitled to all applicable and reasonable attorneys' fees and costs of enforcement;

D) In the event of a finding that Defendants have violated this Order, the applicable time periods set forth in subparagraphs (A) and (B) shall be tolled and extended for all periods of noncompliance and Defendants shall be subject to a disgorgement of all revenues related to the subject activity;

E) Defendants Bogard and Lightking shall return and not use any Watchfire confidential information including customer quotes, contracts, pricing, supplier information, and service data, and warrant and covenant that they do not retain and shall not use such information in the future for any purpose; and

F) The parties expressly consent to the Court's retention of jurisdiction for purposes of enforcement of this order and the settlement agreement

3) This case is terminated.

- 3 -

Agreed To:

/s/ William M. Gantz
Attorney for Plaintiff Watchfire Signs LLC

William M. Gantz, Esq.
**DENTONS US LLP**
233 South Wacker Drive, Suite 5900
Chicago, Illinois  60606
(312) 876-8000

Carly D. Duvall
Dentons US LLP
4520 Main Street
Suite 1100
Kansas City, MO  64111
(816) 460-2582

Marc Ansel
**MEYER CAPEL PC**
306 West Church Street
Champaign, Illinois  61820
(217) 352-1800

/s/ Robert Shapiro
Attorney for Defendants William T. Bogard and Digital Outdoor LLC d/b/a Lightking Outdoor

Robert Shapiro
**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**
200 W. Madison Street, Suite 3900
Chicago, Illinois  60606
(312) 984-3118

IT IS SO ORDERED.

Dated: January __13__, 2017

ENTERED:

  s/ Colin S. Bruce, U.S. District Judge